Holiday D. Powell (SBN 245135)
HPowell@mpplaw.com
MORRIS POLICH & PURDY LLP
One Embarcadero Center
Suite 400
San Francisco, California 94111
Telephone: (415) 984-8500
Facsimile: (415) 984-8599

Attorneys for Defendant
JUDY GROBELNY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>Plaintiff,<br><br>v.<br><br>STAN GROBELNY, an individual; ILENE GROBELNY, an individual; JUDY GROBELNY, an individual, AND DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No. 2:16-CV-5029 DMG-PJW<br><br>**DEFENDANT JUDY GROBELNY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR FRAUDULANT TRANSFER; AND DEMAND FOR JURY TRIAL** |

Defendant Judy Grobelny ("Defendant"), appearing for herself and no other party, answers the Complaint for Fraudulent Transfer ("Complaint") filed by plaintiff William J. Hoffman, court-appointed permanent receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC and their subsidiaries and affiliates ("Plaintiff") as follows:

/ / /

## I. JURISDICTION AND VENUE

1. Paragraph 1 states legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Paragraph 2 states legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. Paragraph 3 states legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

## II. PARTIES

4. Defendant is without sufficient information to admit or deny the allegations in Paragraph 4 and therefore denies them.

5. Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Responding to Paragraph 6, Defendant admits that she is a resident of Cuyahoga County, Ohio and denies the remaining allegations.

8. Defendant is without sufficient information to admit or deny the allegations of paragraph 8 and therefore denies them.

9. Defendant is without sufficient information to admit or deny the allegations of paragraph 9 and therefore denies them.

10. Defendant denies the allegations in paragraph 10.

## III. FACTUAL ALLEGATIONS

### A. The Purported Business of the Receivership Entities and the Commencement of the SEC Action

11. Defendant is without sufficient information to admit or deny the allegations of paragraph 11 and therefore denies them.

12. Defendant is without sufficient information to admit or deny the allegations of paragraph 12 and therefore denies them.

13. Defendant is without sufficient information to admit or deny the allegations of paragraph 13 and therefore denies them.

**B. The Receiver's Authority and Investigation Pursuant to His Appointment**

14. Defendant is without sufficient information to admit or deny the allegations of paragraph 14 and therefore denies them.

15. Defendant is without sufficient information to admit or deny the allegations of paragraph 15 and therefore denies them.

**C. Criminal Indictment and Guilty Pleas**

16. Defendant is without sufficient information to admit or deny the allegations of paragraph 16 and therefore denies them.

17. Defendant is without sufficient information to admit or deny the allegations of paragraph 17 and therefore denies them.

**D. The Fraudulent Transfers to Defendants From the Receivership Entities**

18. Defendant is without sufficient information to admit or deny the allegations of paragraph 18 and therefore denies them.

19. Defendant is without sufficient information to admit or deny the allegations of paragraph 19 and therefore denies them.

20. Defendant admits only that she has received a demand for discouragement from the Receiver and that she has not accepted the settlement offer in the demand letter. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 20 and therefore denies them.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant admits that she had no business dealing with NASI apart from the purchase of ATM and is without sufficient information to admit or deny the allegation that the ATMs were "fictitious" and therefore denies such allegation.

**COUNT I – FRAUDULENT TRANSFER**

23. Defendant incorporates the responses to the above paragraphs as if fully set forth here.

24. Defendant is without sufficient information to admit or deny the allegations of paragraph 24 and therefore denies them.

25. Defendant is without sufficient information to admit or deny the allegations of Paragraph 25 and therefore denies them.

26. Defendant is without sufficient information to admit or deny the allegations of Paragraph 26 and therefore denies them.

27. Defendant is without sufficient information to admit or deny the allegations of Paragraph 27 and therefore denies them.

28. Defendant is without sufficient information to admit or deny the allegations of Paragraph 28 and therefore denies them.

29. Defendant denies the allegations of Paragraph 28.

30. Defendant denies each and every allegation not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

As for her affirmative defenses, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. The Complaint for Fraudulent Transfer fails to state facts sufficient to constitute a claim for relief.

**SECOND AFFIRMATIVE DEFENSE**

(Good Faith Transaction)

2. Defendant acted in good faith without any knowledge of any purportedly fraudulent actions, and upon information and belief, “reasonably equivalent value” for all funds that are the subject of Plaintiff’s claims was received.

/ / /

**THIRD AFFIRMATIVE DEFENSE**

(Estoppel)

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

4. Plaintiff has, through his own actions, conduct, and failure to act, waived any right to relief.

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

5. Plaintiff's claims are barred in whole or in part by Plaintiff's unreasonable delay, to the prejudice of Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

6. The claims being asserted by Plaintiff are barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

(In Pari Delicto)

7. The claims being asserted by Plaintiff is barred by the application of the doctrine of In Pari Delicto.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

8. Plaintiff failed and neglected to make reasonable efforts to mitigate, in whole or in part, damages, injuries and/or losses alleged in the Complaint and, therefore, any recover against Defendant is barred or reduced accordingly.

**NINTH AFFIRMATIVE DEFENSE**

(Statute of Limitations and Statue of Repose)

9. Plaintiff's claims are barred in whole or in part by the applicable

statute(s) of limitations, including Cal. Code Civ. Proc. § 366.2, and/or statute of repose.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

10. The claims asserted in the Complaint are barred in whole or in part because of Plaintiff's lack of standing.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Offset)

11. Defendant is entitled to an offset including, but not limited to, to the extent that Plaintiff and/or alleged victims of the Ponzi scheme alleged in the Complaint recover amounts in connection to the alleged Ponzi scheme from third parties.

**TWELFTH AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

12. In accordance with the provisions of Rule 11 of the Federal Rules of Civil Procedure, at the time of the filing of this Answer all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and relevant information may not have been available after reasonable inquiry under the circumstances. Therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses arising from further investigation and discovery.

/ / /

/ / /

/ / /

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint and that the Complaint be dismissed with prejudice;

2. That Defendant be awarded her costs of suit; and

3. For such other and further relief as the Court deems just and proper.

Dated: September 19, 2016

**MORRIS POLICH & PURDY LLP**

/s/ *Holiday D. Powell*
HOLIDAY D. POWELL
Attorney for Defendant
JUDY GROBELNY

**DEMAND FOR JURY TRIAL**

Defendant Judy Grobelny hereby demands a trial by jury in this action.

Dated: September 19, 2016

**MORRIS POLICH & PURDY LLP**

/s/ *Holiday D. Powell*
HOLIDAY D. POWELL
Attorney for Defendant
JUDY GROBELNY